## Prentiss D. Cheney, Admr. with Will Annexed of the Estate of Harriet H. Beaty, v. A. J. Langley, Assignee of William W. Beaty.

1.  COURTS—*Concurrent Jurisdiction.*—It is a general rule that of courts having concurrent jurisdiction, the one which first obtains jurisdiction of a cause will retain it until it pronounces its final judgment or decree.

2.  SAME—*Jurisdiction in Voluntary Assignments.*—The jurisdiction of the Circuit Court is conferred by the constitution, and it is not competent for the legislature to abrogate or restrict it, but in the matter of voluntary assignments, where the jurisdiction of the County Court has once attached, the Circuit Court has no right to interpose, except, perhaps, under special circumstances as a court of equity, it may interfere to prevent a failure of justice.

Cheney v. Langley.

3.  Same—*Circuit Jurisdiction Not Defeated by Voluntary Assignment.*—Where a bill is filed in the Circuit Court against a trustee, for the purpose of compelling him to render an account, he can not, by making a voluntary assignment under the statute in the County Court, while the bill is pending in the Circuit Court, compel the complainant to discontinue it, and seek his remedy in another forum.

**Memorandum.**—In equity. Appeal from the Circuit Court of Jersey County; the Hon. George W. Herdman, Judge, presiding. Bill for an accounting; dismissal on demurrer; appeal by complainant. Heard in this court at the May term, 1894. Reversed and remanded. Opinion filed October 29, 1894.

## Statement of the Case.

The appellant, on August 16, 1892, filed his bill in chancery in the Circuit Court of the County of Jersey, State of Illinois, against William W. Beaty, for the purpose of compelling him to render an accounting of his acts and doings as agent and trustee of his mother, Harriet H. Beaty, now deceased. The summons was made returnable to the September term, 1892, of said court, at which said term the said Beaty appeared, and by consent of both parties the cause was continued to the March term, 1893. At the said March term, to wit, on March 20, 1893, said Beaty was ruled to answer said bill within sixty days, and upon replication being filed thereto, the cause to stand referred to the master in chancery to take proofs. On June 21, 1893, being one of the days of said March term, the said Beaty having failed to plead, as ordered, the bill of complaint was taken as confessed by default and cause referred to the master to take proofs of the matters stated in the bill of complaint. After judgment on default said Beaty filed his answer June 26, 1893. In August, 1893, said Beaty made a voluntary assignment of all his property, and the defendant, A. J. Langley, was appointed assignee by the County Court of the County of Piatt, in the State of Illinois. At the September term, 1893, of said Circuit Court, by consent of parties the default against said Beaty was set aside, but the testimony already taken before the master was ordered to stand, with the privilege of Beaty to cross-examine said witnesses, if he so de-

sired.   He was also ruled to close the taking of his testimony
by June 1, 1894.   At the same term the complainant was
granted leave to file a supplemental bill, making A. J. Lang-
ley, the assignee of said Beaty, a party defendant to this
cause.   Summons issued against said Langley, as such as-
signee, returnable to the March term, 1894, of said court, at
which term said Langley filed his demurrer to said supple-
mental bill, which was sustained by the Circuit Court, and
said supplemental bill was dismissed.

From the decree sustaining the demurrer and dismissing
the supplemental bill and rendering judgment on the de-
murrer, complainant has appealed to this court for a reversal
of the same.

### APPELLANT'S BRIEF, THOS. F. FERNS, ATTORNEY.

County Courts have no general chancery powers, and none
are conferred by the assignment act.   Ide v. Sayer, 129 Ill.
230.

They do not possess exclusive jurisdiction of all matters
pertaining to insolvent estates.   Second National Bank of
Danville v. English, 21 Ill. App. 317.

The remedy by bill in chancery for the enforcement of a
trust and an accounting, will not be defeated by a subse-
quent voluntary assignment by the trustee for the benefit
of his creditors.   Paddock v. Stout, 121 Ill. 572.

The court first obtaining jurisdiction of a particular case,
will retain it until it pronounces final judgment.   Mapes v.
The People, 69 Ill. 524; Howell v. Moores, 127 Ill. 68.

A judgment against an assignee in a suit brought in the
Circuit Court, sustains the same relation to the assets of the
insolvent estate as a judgment in the County Court.   Such
a judgment is not subject to the revision of the County
Court, but it must enforce its payment the same as a claim
allowed in that court.   Darling v. McDonald, 101 Ill. 370.

### APPELLEE'S BRIEF, O. B. HAMILTON, ATTORNEY.

Appellee contended that the jurisdiction of the County
Court attaches by the making and filing of a deed of assign-

ment, and qualification of the assignee, and he having reduced the property to possession, under the provisions of Chap. 10a, R. S., entitled "Assignments for Benefit of Creditors," the jurisdiction of such County Court is exclusive. Freydendall v. Baldwin, 103 Ill. 325; Hanchell v. Waterbury, 115 Ill. 220; Field v. Ridgely, 116 Ill. 424; Farwell v. Crandall, 120 Ill. 70; Wilson v. Aaron, 132 Ill. 238.

Mr. Justice Boggs delivered the opinion of the Court.

This was a bill in equity filed in the Circuit Court of Jersey County to compel an alleged trustee to render an accounting of his trust.

One of the original branches of equity jurisprudence was the enforcement of trusts. Under and by force of Sec. 12 of Art. 6 of the Constitution of 1870, the Circuit Court has original jurisdiction in all cases in equity.

Hence it had jurisdiction of the subject-matter of the bill, and having first obtained jurisdiction of the person of the alleged trustee, it had full power to proceed to a final decree. Even if it be conceded that the County Court of Piatt County subsequently obtained jurisdiction over the same subject-matter by the voluntary assignment made by the alleged trustee for the benefit of his creditors, yet it would by no means follow that the Circuit Court of Jersey County was thereby deprived of its power and authority in the cause. It is a general and well grounded rule that the court first obtaining jurisdiction of a cause will retain it until it pronounces final judgment or decree. Mapes v. People, 69 Ill. 524; Howell v. Moore, 127 Ill. 68.

This rule is distinctly recognized in Hanchett v. Waterbury, 115 Ill. page 229, where, in an additional opinion filed in the cause, it was said : "The powers and jurisdiction of this (Circuit) Court are conferred by the constitution and it is therefore not competent for the legislature to abrogate or restrict them. But what we intend and do hold is that in the matter of voluntary assignments, where the jurisdiction of the County Court has once attached, no other court has the right to interpose except, perhaps, under special circum-

stances a court of equity may interfere to prevent a failure
of justice. In thus holding we simply recognize and give
effect to the long established rule, that in case of concurrent
jurisdiction, the court which first obtains it will have prec-
edence."

The alleged trustee, by making a voluntary assignment
under the statute in the County Court, while the bill in
equity was pending in the Circuit Court, could not compel
the appellant to discontinue or dismiss the bill in chancery,
and seek another remedy in another forum.

Upon the contrary the appellant had full right to pro-
ceed with the cause in the Circuit Court. The appellee, as-
signee, was a proper party thereto and ought, we think, have
been required to answer the supplemental bill.

It follows that the decree sustaining the demurrer to and
dismissing the supplemental bill, must be, and it is, reversed,
and the cause remanded with directions to the Circuit Court
to overrule the demurrer and require the assignee to answer.
Reversed and remanded with directions.